FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAY 11  AM 8:57

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OLDEN DAVIS | * | CIVIL ACTION |
| VERSUS | * | NO. 00-2200 |
| GUARANTEE LIFE INSURANCE COMPANY, ET AL | * | SECTION "N" |

### ORDER AND REASONS

Before the Court is plaintiff Olden Davis' Motion for Order Remanding to 17th Judicial District Court, Parish of Lafourche. For the following reasons, the plaintiff's motion is DENIED.

### BACKGROUND

The instant suit arises out of a dispute over plaintiff Olden Davis' long-term disability coverage under the Bollinger Employee Health Care Plan ("Plan"), which he obtained through his employer, defendant Bollinger Shipyards Lockport, L.L.C. ("Bollinger"). Davis filed suit in state court against Bollinger and Guarantee Life Insurance Company ("Guarantee"); and the defendants removed the case on the grounds that the dispute is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. Davis claims that the Plan does not fall within the ambit of ERISA and asks the Court to remand the case on the grounds that federal question jurisdiction does not exist.

DATE OF ENTRY
MAY 1 1 2001

LAW AND ANALYSIS

Whether an ERISA plan exists is a question of fact. *See* <u>McDonald v. Provident Indem. Life Ins. Co.</u>, 60 F.3d 234, 235 (5th Cir.1995). The Fifth Circuit applies a three-part, comprehensive test for determining whether a particular plan qualifies as an "employee welfare benefit plan." *See* <u>Meredith v. Time Ins. Co.</u>, 980 F.2d 352, 355 (5th Cir.1993). The Court must ask whether a plan (1) exists; (2) falls within the safe-harbor provision established by the Department of Labor; and (3) satisfies the primary elements of an ERISA "employee benefit plan", i.e. establishment or maintenance by an employer intending to benefit employees. <u>Id.</u>; <u>McDonald</u>, 60 F.3d at 236.

When Davis began working at Bollinger, the Plan offered the following coverage: basic life insurance, accidental death and dismemberment insurance, short-term disability insurance, long-term disability insurance, group medical insurance, voluntary dental insurance, and additional voluntary life insurance. The parties do not dispute that the Plan exists. Accordingly, the Court need only determine whether the Plan falls within the safe-harbor provision and whether it satisfies the primary elements of an ERISA plan.

Under the safe-harbor provision established by the Department of Labor, ERISA is not applicable to an insurance plan if:

(1) No contributions are made by an employer or employee organization;

(2) Participation in the program is completely voluntary for employees or members;

(3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1 (2001). Both parties agree that conditions 2 and 4 are met. Participation in the Plan is voluntary, and Bollinger receives no consideration. However, Bollinger asserts that the Plan does not fall within the safe-harbor provision because it administers the Plan and makes contributions to it.

First, Bollinger asserts that it makes contributions to the insurance plan. Bollinger pays the entire premium for basic life insurance and accidental death and dismemberment coverage, and 50% of the group medical insurance coverage premium. Accordingly, the Court finds that the Plan fails to meet the first criterion of the Department of Labor's safe-harbor provision.

Davis, however, argues that the safe-harbor criteria should be applied solely to the long-term disability coverage currently in dispute. Even under this narrower analysis, the Court finds that the long-term disability coverage under the Plan fails to meet the third safe-harbor criterion. In <u>Hansen v. Continental Ins. Co.</u>, 940 F.2d 971, 978 (5th Cir. 1991), the Fifth Circuit held that an insurance plan was governed by ERISA because the employer "assume[d] some responsibility for the administration of the program and the payment of benefits." The employer in <u>Hansen</u> provided a full time employee benefits administrator who accepted claim forms from employees and submitted them to the insurer, and the employer also authored and distributed brochures about the plan. Like the <u>Hansen</u> employer, Bollinger employs a full-time Insurance Benefits Manager to answer employees' questions about the Plan and assist them in making claims. The company also authors and distributes brochures to further educate employees about the Plan. In light of the Fifth Circuit's holding in <u>Hansen</u>, the Court finds

that Bollinger has assumed some responsibility for administering the program. Accordingly, because Bollinger both contributes to the Plan and assists in its administration, the Court holds that the insurance plan does not fall within the safe-harbor excluding it from ERISA.

Since the Plan is not exempt from ERISA through the safe-harbor provision, the Court must decide whether it satisfies the primary elements of an ERISA employee benefit plan. In making this determination, the Court must consider whether Bollinger established or maintained its insurance program with the intent to benefit its employees. *See* Meredith, 980 F.2d at 355. The Court finds that it did. In implementing the Plan, Bollinger consulted with an insurance agent, selected the terms of the group policy, completed the application, solicited enrollment from its employees, collected money through payroll deductions, and remitted premium checks to the insurance company. As stated above, Bollinger also authored information for its employees and provided a full time Insurance Benefits Manager to assist them in filing claims. The Court finds that these actions evince an intent by Bollinger to benefit its employees and that the Plan satisfies the primary elements of an ERISA plan.

## CONCLUSION

Because the Plan does not fall within the safe-harbor provisions established by the Department of Labor and because it satisfies the primary elements of an ERISA employee benefit plan, the Court finds that the Bollinger Employee Health Care Plan is governed by ERISA. Accordingly, the Court finds that Davis' case has been properly removed; and his motion to remand is DENIED.

New Orleans, Louisiana, this _10_ day of _May_, 2001.

_____
EDITH BROWN CLEMENT
UNITED STATES DISTRICT JUDGE